166 So. 775

**EMPIRE STATE INS. CO. OF WATER-TOWN, N. Y., v. HUEY.**

**6 Div. 736.**

Supreme Court of Alabama.

March 26, 1936.

J. S. Mead and Coleman, Spain, Stewart & Davies, all of Birmingham, for appellant.

A. Leo Oberdorfer and C. H. Peay, both of Birmingham, for appellee.

FOSTER, Justice.

This is an action on a policy of fire insurance.

Plaintiff was living in Birmingham when the policy was issued December 5, 1932, but moved to the country, in Shelby county, in the early part of 1933. Without doubt, she had accumulated a large amount of expensive household effects, including valuable pieces of art and ornaments, among them various musical instruments and music, so that the small country house

could not conveniently hold them, and some of her effects were put in a barn.

The policy was for the total amount of $2,500. The house was not included, and the loss occurred on June 4, 1933, when early in the morning they were awakened and found that it was in flames and they escaped with only a few articles, such as clothing and bedding. The family went into an outhouse for temporary residence. In due course the company was notified and sent an adjuster to handle it.

The defense is that when she was being examined before a notary, at the instance of the adjuster, and in making her proofs she swore falsely in respect to the loss of certain items with the intent to deceive defendant. The adjuster first requested her to furnish an itemized list of the articles lost, showing their cost and when purchased, and value at the time of loss. This list she prepared from memory, taking some weeks to complete it. She had lived in the same house several years before going to the country and visualized each item in its place in that house, and set it down by using that method. It consisted of a great many items and filled twenty pages of the transcript. There is no reason to doubt that it was substantially correct. It showed an aggregate cost price of $5,212.83, and present value of $4,466, less an itemized list of articles not burned, showing the present value of those lost to be something like $4,300 plus. Among her belongings was a cedar chest which she also moved to the country. But on account of the crowed condition of the house, the chest was, before the fire, put into the barn where a negro slept; and into which the family moved after the fire. Neither the chest nor its contents were burned. It contained two clocks, some ornaments for the house, and clothing and bedding. The items were included in the list of goods lost, and not included in the list of deductions. A few days after the fire one of the clocks and some of the other articles were carried by plaintiff to the city, and stored in a garage. She also had a music studio in the Chalifoux building, and later moved those articles to it. She had recently stored some of her effects in her employer's warehouse.

In general terms she testified that all the articles listed were burned. When her attention was called to those just referred to, she told all about them, and asserted that she had inadvertently omitted to exclude them. She then corrected her proofs so as to show that fact.

The whole inquiry was therefore dependent upon whether there existed, as alleged in the pleas, an intent to deceive by including those items in the list burned, or in not excluding them in the list of deductions, and in testifying that all those articles on the list were burned. There would be more plausible reason to infer an intent to deceive if these articles were of value needed to make the amount of the loss approximate the amount of the coverage. But whether they were included or not did not affect that question.

Without conflict, the value of the articles lost, not including them, was largely more than the amount of the coverage. By her proof and testimony before the notary, in respect to the items omitted from the list of deductions, she did not seek to add anything to the amount of her claim on the policy. All the witnesses were before the jury and trial court, and the jury found by their verdict, under a proper charge of the court, in effect, that there was no intent to deceive by her in that respect.

Further circumstances were that she had held a responsible position with a business enterprise in the city for many years; that she was also an accomplished musician and artist as a diversion. Her manner and appearance before the jury was very material, and we are denied the privilege which the court and jury had in that respect. We do not think it is necessary to review or discuss the evidence further.

It was in all respects a jury question, and we find no occasion to reverse the trial court in overruling the motion for a new trial made on the ground that the verdict was against the great weight of the evidence.

We do not think there is shown to be reversible error in respect to the other assignments argued in brief; but they do not need discussion.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.